UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARQUIS LENOX PARKER,

                              Plaintiff,

-against-                                          9:21-CV-00130 (LEK/ATB)

PATRICK DONNELLY,

                              Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Marquis Lenox Parker commenced this pro se civil rights action against various named and unnamed individuals employed by the New York State Department of Corrections and Community Supervision ("DOCCS") on February 4, 2021. Dkt. No. 1 ("Complaint"). He did so by filing his Complaint, id., and by moving the Court for leave to proceed in forma pauperis ("IFP"), Dkt. No. 2 ("Application"). On March 29, 2021, the Court granted the Application, Dkt. No. 5 at 1–2, and then severed the Complaint, transferring some of Plaintiff's claims to the Western District of New York, id. at 7–9. As for the claims remaining in the Northern District of New York, the Court reviewed them pursuant to 28 U.S.C. §§ 1915, 1915A and dismissed several causes of action and defendants. Id. at 9–12. The only claim that survived was Plaintiff's Fourteenth Amendment due process claim against defendant Patrick Donnelly.

Defendant answered the Complaint on May 13, 2021, Dkt. No. 11, and then moved for summary judgment on February 8, 2022, Dkt. No. 17 ("Motion") before the Honorable Andrew T. Baxter, United States Magistrate Judge. Plaintiff did not respond to Defendant's Motion, despite seeking and being afforded an extension of time to do so. See Dkt. Nos. 19, 21. Notwithstanding this failure, the Magistrate Judge "elected to conduct an independent review of

the record" in considering the Motion. Dkt. No. 22 ("Report-Recommendation" or "R&R") at 3. After reviewing the record, the Magistrate Judge recommended denying the Motion "as to the limited issue of [P]laintiff's Fourteenth Amendment due process claim based on allegations that defendant Donnelly unfairly prejudged the evidence," but otherwise recommended granting. Id. at 28. Neither party objected to the Report-Recommendation. See Dkt. For the reasons set forth below, the Court approves and adopts the Report-Recommendation in its entirety.

## II.   BACKGROUND

### A.  Factual Allegations

Petitioner's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R&R at 3–6.

### B.  The Report-Recommendation

Despite Plaintiff's failure to oppose the Motion, the Magistrate Judge "elected to conduct an independent review of the record[.]" R&R at 3. As such, the Magistrate Judge treated Plaintiff's verified Complaint as an affidavit to determine whether a genuine issue of material fact existed, thereby precluding summary judgment. Id. at 3 (citing Riehl v. Martin, No. 13-CV-439, 2014 WL 1289601, at *5 (N.D.N.Y. Mar. 31, 2014) (other citations omitted)); see also Fed. R. Civ. P. 56.

After a thorough review of the facts and claims asserted by Plaintiff, as well as the record evidence presented by Defendant, the Magistrate Judge found that "for purposes of the instant motion . . . [P]laintiff's allegations [regarding his SHU confinement] have established an 'atypical and significant hardship' that would implicate a protected liberty interest" under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. R&R at 9 (also observing that Defendant failed to "address [P]laintiff's contention that he was denied food during his confinement in the SHU").

The Magistrate Judge then proceeded to analyze whether Plaintiff was "afforded the minimum requirements of [procedural] due process prior to [his] confinement." R&R at 9 (quoting Williams v. Chuttey, 767 F. App'x 105, 107 (2d Cir. 2019)). The Magistrate Judge identified two procedural due process violations alleged in Plaintiff's Complaint:

> (1) [D]efendant Donnelly was not fair and impartial [as his pre-confinement hearing officer] because he (a) prejudged the evidence and (b) interfered with/influenced the testimony of [Correction Officer ("C.O.")] Allen and C.O. Schwab, and (2) [P]laintiff was denied the opportunity to question two inmate witnesses whose testimony was "highly relevant" to his defense.

R&R at 9–10. To evaluate whether a genuine dispute of material fact existed with respect to each of these claims, the Magistrate Judge reviewed the disciplinary hearing transcript in full, which Defendant submitted to the Court in support of the Motion. Id. at 11.

On the issue of improper witness influence, the Magistrate Judge found that "no reasonable fact finder could conclude that [D]efendant Donnelly improperly influenced the testimony of C.O. Allen or C.O. Schwab," despite Plaintiff's allegations to the contrary. R&R at 12. On the issue of prejudging the evidence, however, the Magistrate Judge found that "a question of fact remains on the merits of . . . whether [D]efendant Donnelly violated [P]laintiff's right to have his disciplinary hearing adjudicated by a fair and impartial hearing officer." Id. at 12–23 (analyzing, among other things, Defendant's "expression of disbelief that a correction officer would ever fabricate a misbehavior report against an inmate for retaliatory purposes").

On the issue of limiting witnesses in the disciplinary hearing, the Magistrate Judge found that a state court, in an Article 78 proceeding, had already adjudicated this issue and determined that Defendant's "conduct fell short of violating [P]laintiff's constitutional rights." R&R at 24. The Magistrate Judge then stated that "in the absence of any evidence suggesting that [P]laintiff was not afforded a full and fair opportunity to litigate this claim in the Article 78 proceeding, the

3

state court's determination 'is entitled to full faith [and] credit and precludes [P]laintiff from'" relitigating the issue in federal court. Id. at 25. Accordingly, the Magistrate Judge "conclude[d] that [P]laintiff's claim that [D]efendant Donnelly improperly precluded [P]laintiff's witnesses does not support his [procedural] due process claim." Id.

Finally, the Magistrate Judge rejected Defendant's argument that "he should be awarded summary judgment because he is entitled to qualified immunity[,]" since an inmate's due process right to a fair and impartial hearing officer was "well established" at the time the disciplinary hearing took place. R&R at 27–28. The Magistrate Judge concluded: "Whether [D]efendant Donnelly was biased to the extent of a due process violation is disputed, and thus summary judgment on qualified immunity grounds is inappropriate." Id. at 28 (citing Hemphill v. Schott, 141 F.3d 412, 418 (2d Cir. 1998)).

### III.   STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also R&R at 28 ("the parties have fourteen (14) days . . . to file written objections to the . . . report"). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, a district court need only review the report-recommendation for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). Clear error is a highly deferential standard of review, and "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Federal Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). After reviewing

4

the entire record, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

### IV.  DISCUSSION

Neither party objected to the Report-Recommendation. <u>See</u> Dkt. Accordingly, the Court reviews it for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

### V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation, Dkt. No. 22, is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED,** that Defendant's motion for summary judgment, Dkt. No. 17, be **DENIED in part** as to Plaintiff's procedural due process claim based on allegations that Defendant unfairly prejudged the evidence, but otherwise be **GRANTED in part**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    September 12, 2022
          Albany, New York

LAWRENCE E. KAHN
United States District Judge